Charles B. Swartwood, J.
This is a CPLR article 78 proceeding to annul a determination by the respondents denying medical assistance to the petitioner on the ground that such determination was arbitrary and contrary to law.
On November 14, 1975 the petitioner applied for medical assistance under section 366 of the Social Services Law, on November 19, 1975 her application was denied on the grounds that she did not meet the eligibility requirements, a fair hearing was requested and held as a result of which a decision was rendered on March 22, 1976 affirming the denial of medical assistance for the petitioner on the ground that the petitioner did not meet the eligibility requirements set forth in 18 NYCRR 352.26 (b).
18 NYCRR 352.26 (b) insofar as is applicable to this case reads as follows: "(b) In determining eligibility in ADC and HR cases, the agency shall permit each member of the household included in the grant to retain an insurance policy having a face value not exceeding $1,000 on any insurance plan, providing that the cash value of the individual’s insurance policy does not exceed $500”.
The proof was that the petitioner was the owner of two life insurance policies, one having a face value of $787 and a cash value of $175 and the other a face value of $500 and a cash value of $57.20. Thus, the combined face value of these policies was $1,287 and the cash value was $232.20. While the cash value was less than the $500 cash value limitation, the face values exceeded the permissible limit of $1,000 under 18 NYCRR 352.26.
The petitioner argues that the face value limitation of $1,000 for insurance under that regulation does not accord with the statute and other regulations dealing with eligibility *749 in that the "face value” of a policy does not represent an "available resource” to the petitioner and is in effect an arbitrary standard. She relies on the wording of subdivisions 1 and 3 of section 131-a and section 366 of the Social Services Law and on the regulations in 18 NYCRR 352.16 (a).
The respondents argue first that the regulation 18 NYCRR 352.26 (b) is a reasonable implementation of the statute because otherwise an applicant could be "insurance poor” by reason of having to pay insurance premiums and secondly because the regulations could have denied the right to retain any life insurance.
The petitioner sought medical assistance under section 366 (subd 1, par [a], cl [1]) of the Social Services Law as being a person eligible for home relief. As to home relief applications subdivision 1 of section 131-a provides the test in part as follows: "Provision for such persons, for all items of need, less any available income or resources which are not required to be disregarded by other provisions of this chapter, shall be made in accordance with this section.”
Subdivision 3 of section 131-a uses the same language of "available income or resources” in determining eligibility for benefits.
Regulation 18 NYCRR 352.16 (a) reads in part as follows: "352.16 Exemption of income and resources-general policy, (a) All income and resources of an applicant for or recipient of ADC or HR shall be considered in order to determine its availability; such income and resources shall be reasonably evaluated”.
The regulation 352.26 insofar as it sets a limit on the retention of insurance based on its face value in determining eligibility for home relief and medical assistance is not based on available resource. The face value of a policy is not available until death. The available resource of the policy is its cash surrender value. The case of Wilczynski v Harder (323 F Supp 509, 517), dealing with "Reasonable evaluation of available assets” held that the evaluation based on the face value of insurance under Connecticut eligibility standards conflicted with the Federal statute. Though we are not concerned with Federal regulations or statutes in this case, the reasoning of that case is analogous to the statutory scheme involved here. The statute (Social Service Law, § 131-a, subds 1, 3) establishes the test for eligibility as "available resources.” Face value of the insurance policy involved here is not available.
*750 The respondents’ argument that the "face value” test is relevant because it keeps "insurance poor” people off the public relief rolls is fallacious. If a person spends his income and resources on insurance premiums he cannot thereby become eligible for public assistance. Similarly the argument that the regulations could have precluded the retention of any insurance and therefore can set an arbitrary limit on the face value of such retained policies of insurance is also without merit. The regulation has properly set a limit on the available cash value of a policy. The face value of the policy involved here is simply not a resource that is available to the petitioner within the meaning of subdivision 1 of section 131-a of the Social Services Law.
The respondents’ determinations are annulled and the matter is remitted to the respondent Chemung County Department of Social Services for determination of petitioner’s eligibility disregarding the face value of her insurance policies.